(37 P.3d 40)
No. 85,907

STATE OF KANSAS, *Appellee*, v. MICHAEL E. BOSWELL, *Appellant*.

Opinion filed December 21, 2001.

*Kathryn B. Wall*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Ellen H. Mitchell*, county attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before ELLIOTT, P.J., JOHNSON, J., and BRAZIL, S.J.

ELLIOTT, J.: Michael E. Boswell was charged with one count of possession of drug paraphernalia and one count of possession of cocaine. Pursuant to plea negotiations, Boswell pled guilty to the two charges with the State agreeing to jointly recommend to the court that he be granted a downward dispositional departure to probation and an upward durational departure to twice the base sentence. The court accepted the plea, found Boswell guilty as charged, and imposed the recommended sentence. Boswell appeals the sentence. Subsequent to the filing of the notice of appeal, Boswell's probation was revoked and he is now currently serving the underlying term.

We dismiss his appeal in part, vacate his sentence, and remand for proceedings not inconsistent with this opinion. He brings three issues to this court, and we take each in turn.

*The Apprendi/Gould Issue*

Boswell first argues the sentence violates the holding of *State v. Gould*, 271 Kan. 394, 23 P.3d 801 (2001). In *Gould*, our Supreme Court held that the statute authorizing upward departures, K.S.A. 2000 Supp. 21-4716(a), is unconstitutional on its face.

The State urges this court not to consider the merits of this case because it was not raised in the district court. See, *e.g.*, *State v. Shears*, 260 Kan. 823, 837, 925 P.2d 1136 (1996). The State raised the same argument in *Gould*, and the Supreme Court rejected it on the basis of the exceptions to this rule as stated in *Pierce v. Board of County Commissioners*, 200 Kan. 74, Syl. ¶ 3, 434 P.2d 858 (1967). *Gould*, 271 Kan. at 404-05. We will, therefore, address the merits.

As it subsequently turned out, Boswell's sentence was without statutory authority. See *Gould*, 271 Kan. at 413 (holding the statutory basis for imposing upward departures, K.S.A. 2000 Supp. 21-4716[a], unconstitutional in its face); *State v. Cody*, 272 Kan. 564, 35 P.3d 800 (2001) (holding *Gould* applies when defendant pleads guilty).

Generally, this court does not have jurisdiction to consider sentencing appeals when the sentence is the result of an agreement between the State and the defendant and the sentencing court approves the sentence on the record. K.S.A. 21-4721(c)(2); *State v. Starks*, 20 Kan. App. 2d 179, 183, 885 P.2d 387 (1994). However, where K.S.A. 21-4721(c) applies, we may consider a claim that the sentence is illegal. *State v. Ware*, 262 Kan. 180, Syl. ¶ 2, 938 P.2d 197 (1997). The sentence is illegal because the basis for it has been declared unconstitutional by the Supreme Court; thus, there is no statutory authority to impose the sentence.

Boswell's sentence was illegal and must be vacated.

Boswell's request for relief is that we vacate his sentence and remand for resentencing within the appropriate grid box in accordance with *Apprendi*, *Gould*, and *Cody*. None of those cases, however, involved a negotiated plea agreement with recommendations for sentencing.

In *State v. McLaren*, 14 Kan. App. 2d 449, 793 P.2d 763 (1990), we approved the following holding from the Colorado Supreme Court.

"[W]hen a defendant enters into a plea agreement that includes as a material element a recommendation for an illegal sentence and the illegal sentence is in fact imposed on the defendant, the guilty plea is invalid and must be vacated because the basis on which the defendant entered the plea included the impermissible inducement of an illegal sentence." 14 Kan. App. 2d at 452 (citing *Chae v. People*, 780 P.2d 481 [Colo. 1989]).

If we follow *McLaren*, the case must be remanded with directions to the trial court to vacate the sentence *and* the guilty plea. This course would have several consequences not envisioned at the time of the plea. First, the State may not be able to prosecute this case because (1) the drugs involved may no longer be in the possession of the State, and (2) other witnesses may no longer be available due to the lapse of time. Second, subsequent to Boswell's conviction, his probation was revoked, and he was ordered to serve the underlying term and is currently incarcerated. Thus, vacating his guilty plea could require that he be freed on bond pending trial, plea, or dismissal.

We find *McLaren* and *Chae* distinguishable. In both cases, the sentence was illegal because it impermissibly had the effect of *reducing* the defendant's prison term. See *McLaren*, 14 Kan. App. 2d at 450 (defendant sentenced for a class E felony when proper sentence should have been for a class D felony); *Chae*, 780 P.2d at 484 (defendant sentenced to a suspended sentence when sentencing court had no statutory authority to order that the sentence be suspended).

In this case, the sentence was illegal because it included an *upward durational departure*. Boswell was not induced to enter into the plea agreement on the basis of receiving an upward durational departure. Rather, it seems clear this term of the plea agreement was to the benefit of the State, which, in return, agreed to recommend a downward dispositional departure. Simply put, the illegal sentence imposed did not induce Boswell to enter into the agreement.

There is a second ground on which to distinguish *Chae*. In Colorado, a defendant is permitted to withdraw his or her guilty plea when the trial court chooses not to follow the prosecutor's sentence

recommendation made as promised in a plea agreement. *Chae*, 780 P.2d at 486.

A plea agreement is akin to a contract. See *State v. Wills*, 244 Kan. 62, 68-69, 765 P.2d 1114 (1988) (applying contract law to ambiguous plea agreement). In this case, the bilateral contract terms were: (1) Boswell promised to plead guilty as charged, and (2) both parties promised to recommend to the court an upward durational departure and a downward dispositional departure.

In Kansas, the sentencing court is not a party to the contract and is not bound by its terms. See *State v. Heffelman*, 256 Kan. 384, 395, 886 P.2d 823 (1994). The State and defendant may not enter into a plea agreement calling for a certain sentence, only an agreement that each side will recommend to the court a certain sentence. See *State v. Ford*, 23 Kan. App. 2d 248, 253, 930 P.2d 1089 (1996), *rev. denied* 261 Kan. 1087 (1997). Thus, both the State and the defendant are well aware their joint recommendation to the court may not be accepted by the court. In Kansas, unlike Colorado, when the sentencing court refuses to follow recommended charge and sentence concessions, this is not in itself sufficient to constitute good cause for withdrawal of a guilty plea entered before sentence, provided the defendant was clearly advised by the court prior to entering his plea that the court was not bound by any charge and sentence concessions, and defendant was then offered a chance to withdraw the plea. *Burden v. State*, 225 Kan. 549, Syl. ¶ 2, 592 P.2d 451 (1979); *cf. Chae*, 780 P.2d at 486.

The law, of course, will not enforce illegal contracts. *Wycoff v. Quick Way Homes, Inc.*, 201 Kan. 442, 447, 441 P.2d 886 (1968). Here, both parties performed their respective promises, and the contract was fulfilled before the judge handed down the sentence. Thus, there is no contract to enforce and, by the same token, no contract to nullify. The plea agreement was completed, and, thus, it is an impossibility to nullify a contract whose ends have been met. We can only consider the illegal sentence the court imposed.

We find proper guidance from the Florida appellate courts. In *State v. Jolly*, 392 So. 2d 54 (Fla. Dist. App. 1981), defendant entered into a plea agreement which called for an illegally excessive term of imprisonment. 392 So. 2d at 55. The Florida court held:

"[D]ue to the fact that a post-conviction motion may be raised and ruled upon years after imposition, the state may no longer have the witnesses and other evidence necessary to pursue a trial after a defendant successfully has his judgment and sentence vacated. Therefore, in a situation involving a reduction of sentence in contravention of the plea bargain, the state should be given the option of either agreeing that both the judgment and sentence should be vacated and taking the defendant to trial on all original charges, or agreeing that only the excessive sentence should be vacated, while having the judgment stand and allowing the defendant to be resentenced . . . ." 392 So. 2d at 56.

This reasoning was followed in *Cleveland v. State*, 394 So. 2d 230 (Fla. Dist. App. 1981), and the Florida Supreme Court approved these holdings in *Forbert v. State*, 437 So. 2d 1079, 1081 (Fla. 1983).

We adopt the holding of *Jolly* and hold that when a plea agreement includes an agreement to recommend to the court an illegal sentence, the sentencing court imposes the recommended but illegal sentence, and the illegal sentence impermissibly *increases* the defendant's term of imprisonment, the State may either allow the defendant to withdraw his or her guilty plea, *or* agree that the illegal portion of the sentence be vacated and the defendant be resentenced to the proper lesser term. This case must be remanded for proceedings consistent with this opinion.

### Length of probation and post-supervision

Boswell also contends his probationary period and postrelease supervisory period must be reduced pursuant to K.S.A. 2000 Supp. 21-4611(c)(3) and K.S.A. 2000 Supp. 22-3717(d)(1)(C). This issue was not presented to the district court.

Pursuant to the statutes in effect at the time of sentencing, Boswell was sentenced to 36 months' probation and 24 months' postrelease supervision.

K.S.A. 2000 Supp. 21-4611(c)(3) now states the probation term for those who stand convicted of a drug severity level 4 crime *shall* be up to 12 months in length. K.S.A. 2000 Supp. 22-3717(d)(1)(c) states the postrelease supervision term for those convicted of a drug severity level 4 crime must be 12 months. Both statutes are to be applied retroactively. K.S.A. 2000 Supp. 21-4611(d); K.S.A. 2000 Supp. 22-3717(s), (t).

Boswell was sentenced on May 15, 2000, and filed his notice of appeal on May 24, 2000. K.S.A. 2000 Supp. 21-4611 and 22-3717 became effective May 25, 2000. We will presume Boswell's request for reduction of his probationary term and postrelease supervision term was not presented to the district court because he presumed that court no longer had jurisdiction.

This court held in *State v. Whitesell*, 29 Kan. App. 2d 905, 33 P.3d 865 (2001), that the district court has jurisdiction to modify a defendant's sentence within the strictures of K.S.A. 2000 Supp. 21-4611(c)(5) even while an appeal is pending.

The issue of the length of Boswell's probationary period must be presented to the district court before we will consider it. *State v. Wilkins*, 267 Kan. 355, 367, 985 P.2d 690 (1999) (an appellate court will not consider an issue which was not raised in the district court). We do note in passing, however, that this issue appears to be moot as it has been found he violated the terms of that probation and is now serving the underlying term of imprisonment.

Pursuant to K.S.A. 2000 Supp. 22-3717(t), the Department of Corrections, not the district court, has the authority to modify the length of Boswell's postrelease supervision time. Thus, even if presented to the district court, it would be powerless to reduce his postrelease supervision time.

We, therefore, dismiss this part of Boswell's appeal.

Appeal dismissed in part, sentence vacated, and case remanded for resentencing.