(55 P.3d 927)
No. 86,056
No. 86,146

STATE OF KANSAS, *Appellee*, v. DANIEL J. JOHNSON, *Appellant*.

Opinion filed October 11, 2002.

*Kristen Chowning*, assistant appellate defender, and *Randall L. Hodgkinson*, deputy appellate defender, for appellant.

*Mark Frame*, county attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before KNUDSON, P.J., LEWIS, J., and BUCHELE, S.J.

KNUDSON, J.: In this consolidated appeal by Daniel J. Johnson, all issues on appeal have been waived or agreed upon except for appropriate disposition upon remand in docket number 86,056 (Edwards County case number 00 CR 27). Johnson was initially charged with first-degree murder. The parties entered into a plea agreement; Johnson pled to an amended charge of voluntary manslaughter; the parties agreed to recommend to the sentencing court an upward durational departure of 96 months. The trial court accepted Johnson's plea, and he was sentenced to 96 months' confinement consecutive to a 19-month sentence that had previously been imposed in docket number 86,146 (Edwards County case number 97 CR 45).

Initially, the issue on appeal was whether the dispositional sentence imposed is illegal under Kansas Supreme Court's holding in *State v. Cody*, 272 Kan. 564, 35 P.3d 800 (2001). The State acknowledges the applicability of *Cody*, but argues under *State v.*

*Boswell*, 30 Kan. App. 2d 9, 37 P.3d 40 (2001), it should have the option to require retrial on the amended complaint or permit imposition of an appropriate presumptive sentence for manslaughter. The State's argument is without legal merit.

In *Boswell*, our court held:

"When a plea agreement includes an agreement to recommend an illegal sentence, the sentencing court imposes the recommended but illegal sentence, and the illegal sentence impermissibly increases the defendant's term of imprisonment, the State may *either* allow the defendant to withdraw his or her guilty plea or *agree* that the illegal portion of the sentence be vacated and the defendant be resentenced to the proper lesser term." (Emphasis added.) 30 Kan. App. 2d 9, Syl. ¶ 8.

We acknowledge the above holding might lack clarity. What the *Boswell* panel intended to say is that the State may acquiesce in the defendant's request for a new trial or, in the alternative, may insist the defendant be resentenced to the proper lesser term. In crafting its holding, the *Boswell* panel specifically adopted the following reasoning expressed in *Jolly v. State*, 392 So. 2d 54 (Fla. Dist. App. 1981).

" '[D]ue to the fact that a post-conviction motion may be raised and ruled upon years after imposition, the state may no longer have the witnesses and other evidence necessary to pursue a trial after a defendant successfully has his judgment and sentence vacated. Therefore, in a situation involving a reduction of sentence in contravention of the plea bargain, the state should be given the option of either agreeing that both the judgment and sentence should be vacated and taking the defendant to trial on all original charges, or agreeing that only the excessive sentence should be vacated, while having the judgment stand and allowing the defendant to be resentenced . . . .' 392 So.2d at 56." 30 Kan. App. 2d at 14.

Johnson has emphatically stated on appeal he does not seek a new trial. Consequently, under *Boswell* we must vacate the illegal sentence that was imposed in 00 CR 27 and remand for imposition of a presumptive sentence under the Kansas Sentencing Guidelines Act. K.S.A. 21-4701 *et seq*. For the reasons previously stated, we dismiss Johnson's appeal of the trial court's judgment in 97 CR 45.

Appeal dismissed in part, sentence vacated, and case remanded for resentencing.