No. 87,853

STATE OF KANSAS, *Appellee*, v. MATTHEW J. CULLEN, *Appellant*.

60 P.3d 933

Opinion filed January 10, 2003.

*Nathan B. Webb*, assistant appellate defender, argued the cause, and *Randall L. Hodgkinson*, deputy appellate defender, was with him on the briefs for appellant.

*Steven J. Obermeier*, assistant district attorney, argued the cause, and *Paul J. Morrison*, district attorney, and *Carla J. Stovall*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

SIX, J.: Matthew J. Cullen pled guilty to attempted rape and received an upward durational departure sentence and an extended postrelease supervision term. He appeals his sentence.

The two questions for review are: (1) Is Cullen's upward durational departure sentence imposed under K.S.A. 2001 Supp. 21-4716 unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), and *State v. Gould*, 271 Kan. 394, 23 P.3d 801 (2001), even though Cullen, in a plea agreement, recommended that the trial court impose an upward durational departure sentence, and (2) is Cullen's extended postrelease supervision period unconstitutional? We answer the first question "yes" and the second question "no." Cullen's upward durational

departure sentence for attempted rape is vacated. His extended postrelease supervision period is affirmed.

Our jurisdiction is under K.S.A. 20-3018(c), a transfer from the Court of Appeals on our motion.

## FACTS

Cullen was charged in November 1999 with aggravated kidnapping and attempted rape. Although there is not a copy of the plea agreement in the record on appeal, it appears Cullen agreed to plead guilty to attempted rape in exchange for the State's agreement to dismiss the aggravated kidnapping charge. Further, Cullen and the State agreed to jointly recommend a prison term of 118 months—double the presumptive midpoint term—and an extended postrelease supervision period of 60 months. The trial court imposed sentence as recommended in the plea agreement. The trial court's stated reason for the extended prison term was that "victim because of age was particularly vulnerable."

## DISCUSSION

Cullen argues that his upward durational departure sentence is unconstitutional under *Apprendi v. New Jersey,* 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), and *State v. Gould,* 271 Kan. 394, 23 P.3d 801 (2001). He raises a question of law over which we have unlimited review. See *State v. Crow,* 266 Kan. 690, 694, 974 P.2d 100 (1999). We will consider the issue despite the fact that Cullen raises it for the first time on appeal. See *State v. Dean,* 273 Kan. 929, 46 P.3d 1130 (2002).

In *Apprendi,* the United States Supreme Court held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490.

*Gould* addressed a challenge to the constitutionality of upward departure sentences imposed under K.S.A. 2001 Supp. 21-4716. We held that because the statute allowed the trial court to impose a sentence beyond the statutory maximum based upon findings made by the court by a preponderance of the evidence, rather than

by a jury beyond a reasonable doubt, the upward departure scheme was unconstitutional under *Apprendi*. 271 Kan. at 412-13.

### The Upward Durational Departure

We next faced the issue of whether an upward durational departure following a guilty plea was unconstitutional under *Apprendi* and *Gould*. In *State v. Cody*, 27 Kan. App. 2d 1037, 10 P.3d 789 (2000), the defendant pled guilty to multiple drug crimes. Cody received an upward durational departure sentence based on a variety of factors, including the trial court's finding that he was involved in major drug activity. Cody challenged his sentence under *Apprendi*. The Court of Appeals upheld the sentence, reasoning that the facts supporting the upward departure were proven beyond a reasonable doubt by Cody's admissions at the plea hearing and by his pleas of guilty. 27 Kan. App. 2d at 1037-39. We granted review and vacated Cody's sentence based on *Gould*. *State v. Cody*, 272 Kan. 564, 35 P.3d 800 (2001).

In *State v. Kneil*, 272 Kan. 567, 35 P.3d 797 (2001), decided the same day as *Cody*, the defendant pled guilty to theft and received an upward durational departure sentence. We vacated Kneil's sentence, reasoning that her sentence, like Cody's, was imposed under an unconstitutional sentencing scheme and was void.

We said:

"Kneil argues that her sentence, like Gould's, was imposed pursuant to an unconstitutional sentencing scheme and is void. The plain language of *Gould* suggests this is so. The State distinguishes *Gould* on the basis that Kneil pled guilty, thus waiving her right to a jury trial and, consequently, her right to have a jury determine beyond a reasonable doubt any aggravating factors supporting her departure sentence.

"We need not reach the State's arguments because in *Gould* we declared K.S.A. 2000 Supp. 21-4716 relating to imposing upward departure sentences unconstitutional on its face. Further, we rejected the State's invitation in *Gould* to work around the flawed sentencing scheme even though Gould did not dispute the existence of a fact supporting her upward departure sentence. The State extends the same invitation here, but in the instant case we have even less motivation to accept. By entering a plea of guilty to felony theft, Kneil did not admit she was not amenable to probation, nor did she admit any other fact which might support an upward departure sentence. [Citation omitted.] The State simply fails to present a valid reason for retreating from our holding in *Gould*." 272 Kan. at 571.

The Court of Appeals faced the next permutation of the guilty plea argument in *State v. Boswell,* 30 Kan. App. 2d 9, 37 P.3d 40 (2001). Boswell was charged with two drug crimes. He agreed to plead guilty to both crimes in exchange for the State's agreement to join him in recommending a downward dispositional departure (probation) and an underlying upward durational departure prison sentence. The trial court imposed the recommended sentence. Boswell appealed the upward durational departure portion of his sentence. 30 Kan. App. 2d at 11.

The Court of Appeals recognized that *Gould* had held the scheme for imposing upward departure sentences unconstitutional on its face. The *Boswell* court reasoned:

"Generally, this court does not have jurisdiction to consider sentencing appeals when the sentence is the result of an agreement between the State and the defendant and the sentencing court approves the sentence on the record. K.S.A. 21-4721(c)(2); *State v. Starks,* 20 Kan. App. 2d 179, 183, 885 P.2d 387 (1994). However, where K.S.A. 21-4721(c) applies, we may consider a claim that the sentence is illegal. *State v. Ware,* 262 Kan. 180, Syl. ¶ 2, 938 P.2d 197 (1997). The sentence is illegal because the basis for it has been declared unconstitutional by the Supreme Court; thus, there is no statutory authority to impose the sentence.

"Boswell's sentence was illegal and must be vacated." 30 Kan. App. 2d at 11.

The State's petition for review in *Boswell* was withdrawn.

A different panel of the Court of Appeals recently came to the same conclusion in *State v. Johnson,* 30 Kan. App. 2d 1133, 55 P.3d 927 (2002). Johnson pled guilty to a lesser charge in exchange for his promise to join the State in recommending an upward durational departure sentence. The trial court imposed the recommended sentence and Johnson appealed. The State acknowledged that the sentence was illegal under *Gould* and *Cody,* and the Court of Appeals vacated it. 30 Kan. App. 2d at 1134. No petition for review was filed in *Johnson.*

We have not had the opportunity to pass on the question of whether an upward durational departure sentence imposed under K.S.A. 2001 Supp. 21-4716 survives where a defendant not only pleads guilty to the underlying crime, but also asks the trial court to impose an upward durational departure sentence.

The State argues at the outset that we do not have jurisdiction to review a sentence resulting from an agreement between the State and the defendant which the trial court approves on the record. See K.S.A. 21-4721(c)(2). However, we have jurisdiction to correct illegal sentences at any time. K.S.A. 22-3504. An illegal sentence is

" 'a sentence imposed by a court without jurisdiction, a sentence which does not conform to the statutory provision, either in the character or the term of the punishment authorized, or a sentence which is ambiguous with respect to the time and manner in which it is to be served.' [Citations omitted.]" *State v. Johnson,* 269 Kan. 594, 600, 7 P.3d 294 (2000) (quoting *State v. Duke,* 263 Kan. 193, 194, 946 P.2d 1375 [1997]).

The State contends that an upward durational departure sentence imposed under K.S.A. 2001 Supp. 21-4716 does not fit the definition of an illegal sentence. The Court of Appeals in *Boswell* disagreed. 30 Kan. App. 2d 9, Syl. ¶ 3. We see no reason to avoid the issue presented here by debating jurisdiction. An upward durational departure sentence imposed under 21-4716, following *Gould,* is clearly vulnerable to constitutional attack, and the merits of that attack will be considered.

The State, relying on *People v. Jackson,* 199 Ill. 2d 286, 769 N.E.2d 21 (2002), next asserts that the protections afforded by *Apprendi* may be waived by a defendant seeking to plea bargain. Jackson pled guilty to aggravated battery in exchange for the State's recommendation that she receive a prison term within the normal range. The trial court, finding the crime to be exceptionally brutal, sentenced Jackson to an extended term of imprisonment. Jackson argued on appeal that her sentence violated *Apprendi.*

A majority of the Illinois Supreme Court disagreed, concluding that Jackson's guilty plea waived her *Apprendi*-based sentencing objections on appeal. 199 Ill. 2d at 295. Jackson argued that notwithstanding a waiver, her sentence was void because the statute which allowed the imposition of an extended sentence was unconstitutional under *Apprendi.* The *Jackson* majority countered that the statute involved was not unconstitutional on its face, and any constitutional objections to the statute as applied could be waived. 199 Ill. 2d at 300-01. The Chief Justice and one other justice dis-

sented, contending that because Jackson's sentence violated *Apprendi,* it was illegal and could be challenged at any time despite Jackson's guilty plea. 199 Ill. 2d at 304.

Apart from the factual distinctions between *Jackson* and the case at hand, there is an important difference between the statutes involved. The Illinois statute, 730 Ill. Comp. Stat. ch. 5/5-8-2(a) (2000), allows imposition of an extended sentence if certain aggravating factors "were found to be present," without specifying whether a court or a jury must make the finding. The *Jackson* court noted that the Illinois statute was not unconstitutional on its face under *Apprendi.* On the other hand, K.S.A. 2001 Supp. 21-4716(a) specifies that an upward departure sentence may be imposed upon a judge-made finding of substantial and compelling reasons supporting departure. The language of K.S.A. 2001 Supp. 21-4716(a) violates the holding in *Apprendi.* In *Gould,* we declared the upward departure scheme unconstitutional on its face. 271 Kan. at 413.

The holding in *Jackson* is of little assistance here. The Kansas scheme for upward durational departure sentences has been declared unconstitutional on its face. Neither *Jackson* nor any other authority provided by the State suggests that a defendant may submit by waiver to the application of an unconstitutional sentencing scheme.

*Gould, Cody,* and *Kneil* are dispositive. The scheme for imposing upward departure sentences embodied in K.S.A. 2001 Supp. 21-4716 is unconstitutional on its face. Cullen's upward departure sentence, even though a product of Cullen's agreement with the State, is void and cannot stand.

We recognize that the Kansas Legislature has amended K.S.A. 2001 Supp. 21-4716 to incorporate the holding in *Apprendi.* L. 2002, ch. 170, sec. 1(b). In doing so, it has also provided that a defendant may waive the right to a jury determination of aggravating factors supporting a departure beyond a reasonable doubt. L. 2002, ch. 170, sec. 2(b)(4). That legislation became effective on June 6, 2002, well after Cullen's sentencing, and is not at issue here.

## The Extended Postrelease Supervision Period

Cullen argues that his extended postrelease supervision period violates *Apprendi* and *Gould.* We disagree. This issue is controlled

by *State v. Walker*, 275 Kan. 46, 60 P.3d 937 (2003). Cullen pled guilty to a statutorily defined sexually violent crime. His extended postrelease supervision period imposed pursuant to K.S.A. 2001 Supp. 22-3717(d)(1)(D)(i) does not offend *Apprendi* and *Gould*.

We vacate Cullen's upward durational departure sentence for attempted rape and remand for resentencing within the statutory range. We affirm Cullen's extended postrelease supervision period.