No. 87,681

STATE OF KANSAS, *Appellee*, v. JAVIER SANTOS-GARZA, *Appellant*.
(72 P.3d 560)

Opinion filed July 11, 2003.

*Bob L. Thomas*, of Olathe, argued the cause and was on the brief for appellant.

*W. Scott Toth*, assistant district attorney, argued the cause, and *Steven J. Obermeier*, assistant district attorney, *Paul J. Morrison*, district attorney, and *Carla J. Stovall*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

McFARLAND, C.J.: Javier Santos-Garza pled guilty to aggravated battery (K.S.A. 21-3414) and received an upward durational departure sentence from which he appeals.

### ISSUE

The sole issue before us is: Under *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), and *State v. Gould*, 271 Kan. 394, 23 P.3d 801 (2001), is defendant's upward durational departure sentence imposed under K.S.A. 2000 Supp. 21-4716 constitutionally impermissible even though, in a plea agreement, defendant stipulated that, had the case gone to trial, the jury would have found the crime had been committed with the aggravating factor of excessive brutality?

### FACTS

In October 2000, the State charged defendant with two counts of aggravated battery. Following the death of the victim, the com-

plaint was amended to charge defendant with second-degree murder, in violation of K.S.A. 2000 Supp. 21-3402(a). Thereafter, the State and defendant entered into a plea agreement which required defendant to plead guilty to one count of aggravated battery, a severity level 4 crime, and to agree to the State's sentencing recommendation of 48 months, which constituted an upward durational departure sentence. The following stipulation was part of the plea agreement:

"B. All parties stipulate that should . . . this matter have gone to jury trial that the jury would have found the defendant guilty beyond a reasonable doubt and further that the jury would find beyond a reasonable doubt the specific aggravating factor that the defendant manifested excessive brutality in the offense.

"C. The defendant acquiesces in the upward departure to 48 months."

At the August 1, 2001 sentencing, the following exchange took place between defense counsel and the district court:

"MR. THOMAS [defense counsel]: The intent of the parties is still to preserve the issue of whether the Court can under the *Gould* decision depart upward. We're agreeing if the jury had been instructed so[,] that the State would have proved beyond a reasonable doubt aggravating factors to justify an upward departure we preserve for purposes of appeal the issue of whether under the *Gould* decision the Court can actually do it.

"THE COURT: Even if the parties stipulate?

"MR. THOMAS: We just have different interpretations of *Gould*. I think *Gould* says you can't depart upward. The State thinks you can depart upward with proof beyond a reasonable doubt as to the aggravated battery.

"THE COURT: So your point is your client is willing to take advantage of the plea agreement, but you wish to preserve that issue so you could challenge that and have the Appellate Court, should they rule in your favor, reduce it down to the original sentence?

"MR. THOMAS: That would be correct."

The severity level of the crime, combined with defendant's criminal history score of I, called for a presumptive sentence of 38-41-43 months in prison. The district court followed the plea agreement and sentenced defendant to 48 months in prison. Defendant appeals therefrom.

## DISCUSSION

In *Apprendi*, the United States Supreme Court held: "Other than the fact of a prior conviction, any fact that increases the pen-

alty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. In *Gould*, the defendant was convicted of three counts of child abuse and received upward durational departure sentences on two of the counts. The departures were based on the trial court's finding that the victims were vulnerable due to age, the crimes were committed with excessive brutality, and there was a fiduciary relationship between Gould and her victims. 271 Kan. at 398-99.

Gould challenged the constitutionality of upward departure sentences imposed under K.S.A. 2000 Supp. 21-4716. The *Gould* court held that because the statute allows the trial court to impose a sentence beyond the statutory maximum based upon findings made by the court by a preponderance of the evidence, rather than by a jury beyond a reasonable doubt, the upward departure scheme was unconstitutional under *Apprendi*. 271 Kan. at 412-13.

The State argued in *Gould* that Gould's sentences nonetheless survived the constitutional problem with K.S.A. 2000 Supp. 21-4716 because Gould did not dispute the young age of her victims or her fiduciary relationship with them. The State reasoned that these facts need not have been presented to a jury or found beyond a reasonable doubt because Gould admitted them. 271 Kan. at 412-13. The *Gould* court rejected the State's argument, reasoning:

"The State, in essence, urges this court to apply principles of harmless error. This we cannot do. The Kansas scheme for imposing upward departure sentences, embodied in K.S.A. 2000 Supp. 21-4716, is unconstitutional on its face. Gould received a sentence beyond the statutory maximum based upon a court finding of certain aggravating factors found by a preponderance of the evidence. *Apprendi,* on the other hand, requires 'any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.' [Citation omitted.] Any other procedure 'is an unacceptable departure from the jury tradition that is an indispensable part of our criminal justice system.' [Citation omitted.] Gould's sentence was imposed pursuant to an unconstitutional sentencing scheme and cannot stand." 271 Kan. at 413.

In *State v. Cody*, 272 Kan. 564, 35 P.3d 800 (2001), and *State v. Kneil*, 272 Kan. 567, 35 P.3d 797 (2001), the court held that upward durational departure sentences imposed under K.S.A.

2001 Supp. 21-4716 were constitutionally impermissible despite the fact that both defendants pled guilty to the underlying crimes. See *State v. Pruitt*, 275 Kan. 52, 53-54, 60 P.3d 931 (2003), and *State v. Cullen*, 275 Kan. 56, 57-59, 60 P.3d 933 (2003) (discussing the line of plea cases following *Gould*).

In *State v. Cody*, 27 Kan. App. 2d 1037, 10 P.3d 789 (2000), the defendant pled guilty to multiple drug crimes and received an upward durational departure sentence based on a variety of factors, including the trial court's finding that he was involved in major drug activity. Cody challenged his sentence under *Apprendi*. The Court of Appeals upheld the sentence, reasoning that the facts supporting the upward departure were proven beyond a reasonable doubt by Cody's admissions at the plea hearing and his pleas of guilty. 27 Kan. App. 2d at 1038-39. On review, we vacated Cody's sentence based on *Gould's* holding that K.S.A. 2000 Supp. 21-4716, relating to imposing upward departure sentences, was unconstitutional on its face. *State v. Cody*, 272 Kan. at 566. The court further stated that "[w]here an act of the legislature or a portion thereof is clearly unconstitutional, it is the duty of the courts to so declare and to hold the unconstitutional provision or provisions null and void." [Citation omitted]." 272 Kan. at 566.

In *Kneil*, decided the same day as *Cody*, Kneil pled guilty to theft and received an upward durational departure sentence. 272 Kan. at 568. We vacated the sentence, reasoning that, like the sentence imposed in *Cody*, Kneil's sentence also was imposed under an unconstitutional sentencing scheme and was void. 272 Kan. at 571-72. The *Kneil* court addressed the parties' arguments and stated:

"Kneil argues that her sentence, like Gould's, was imposed pursuant to an unconstitutional sentencing scheme and is void. The plain language of *Gould* suggests this is so. The State distinguishes *Gould* on the basis that Kneil pled guilty, thus waiving her right to a jury trial and, consequently, her right to have a jury determine beyond a reasonable doubt any aggravating factors supporting her departure sentence.

"We need not reach the State's arguments because in *Gould* we declared K.S.A. 2000 Supp. 21-4716 relating to imposing upward departure sentences unconstitutional on its face. Further, we rejected the State's invitation in *Gould* to work

around the flawed sentencing scheme even though Gould did not dispute the existence of a fact supporting her upward departure sentence." 272 Kan. at 571.

After *Cody* and *Kneil* were decided, the Court of Appeals faced another twist of the guilty plea argument in *State v. Boswell*, 30 Kan. App. 2d 9, 37 P.3d 40 (2001), and *State v. Johnson*, 30 Kan. App. 2d 1133, 55 P.3d 927 (2002).

In *Boswell*, the defendant was charged with two drug crimes. Boswell agreed to plead guilty to both crimes in exchange for the State's agreement to join him in recommending a downward dispositional departure (probation) and an underlying upward durational departure prison sentence. The trial court imposed the recommended sentence. Boswell appealed the upward durational departure portion of his sentence. 30 Kan. App. 2d at 11. The Court of Appeals recognized that *Gould* held the scheme for imposing upward departure sentences unconstitutional on its face and reasoned:

"Generally, this court does not have jurisdiction to consider sentencing appeals when the sentence is the result of an agreement between the State and the defendant and the sentencing court approves the sentence on the record. K.S.A. 21-4721(c)(2); *State v. Starks*, 20 Kan. App. 2d 179, 183, 885 P.2d 387 (1994). However, where K.S.A. 21-4721(c) applies, we may consider a claim that the sentence is illegal. *State v. Ware*, 262 Kan. 180, Syl. ¶ 2, 938 P.2d 197 (1997). The sentence is illegal because the basis for it has been declared unconstitutional by the Supreme Court; thus, there is no statutory authority to impose the sentence.

"Boswell's sentence was illegal and must be vacated." 30 Kan. App. 2d at 11.

More recently, in *Johnson*, a different panel of the Court of Appeals reached the same conclusion as in *Boswell*. Johnson pled guilty to a lesser charge in exchange for his promise to join the State in recommending an upward durational departure sentence. The trial court imposed the recommended sentence and Johnson appealed. The State acknowledged that the sentence was illegal under *Gould* and *Cody*, and the Court of Appeals vacated it. 55 P.3d at 928.

Neither case reached this court for decision because the State withdrew its petition for review in *Boswell* and did not seek review in *Johnson*. However, in *State v. Cullen* these decisions were cited with approval. 275 Kan. at 58-59. In *Cullen*, the defendant agreed

to plead guilty to attempted rape in exchange for the State's agreement to dismiss the aggravated kidnapping charge. As relevant to the instant case, Cullen and the State further agreed to jointly recommend a prison term of 118 months, which was double the presumptive midpoint term. The trial court imposed the sentence, as recommended in the plea agreement (which was not included in the appellate record), and stated the reason for departing was that the "victim because of age was particularly vulnerable." 275 Kan. at 57.

After citing the holdings of *Apprendi* and *Gould*, the *Cullen* court analyzed their application in *Cody, Kneil, Boswell,* and *Johnson* in the same matter as presented here. 275 Kan. at 57-59. The *Cullen* court then framed the issue as whether an upward durational departure sentence imposed under K.S.A. 2001 Supp. 21-4716 survives where a defendant not only pleads guilty to the underlying crime, but also asks the trial court to impose an upward durational departure sentence. 275 Kan. at 59. In addressing the State's arguments, including waiver, which is also presented by the State in the case before us, the *Cullen* court reiterated:

"The Kansas scheme for upward durational departure sentences has been declared unconstitutional on its face. [No] authority provided by the State suggests that a defendant may submit by waiver to the application of an unconstitutional sentencing scheme.

"*Gould, Cody,* and *Kneil* are dispositive. The scheme for imposing upward departure sentences embodied in K.S.A. 2001 Supp. 21-4716 is unconstitutional on its face. Cullen's upward departure sentence, even though a product of Cullen's agreement with the State, is void and cannot stand." 275 Kan. at 61.

The *Cullen* court also addressed the 2002 amendment to K.S.A. 21-4716 as follows:

"We recognize that the Kansas Legislature has amended K.S.A. 2001 Supp. 21-4716 to incorporate the holding in *Apprendi*. L. 2002, ch. 170, § 1(b). In doing so, it has provided that a defendant may waive the right to a jury determination of aggravating factors supporting a departure beyond a reasonable doubt. L. 2002, ch. 170, § 2(b)(4). That legislation became effective on June 6, 2002, well after Cullen's sentencing, and is not at issue here." 275 Kan. at 61.

The parties' briefs were filed before the *Cullen* decision and neither party has filed a notice of supplemental authority.

As previously noted, Cullen agreed to the upward durational departure. The defendant herein went further and stipulated that had the case gone to trial, the jury would have found, beyond a reasonable doubt, that the specific aggravating factor of defendant's having manifested excessive brutality in the offense (K.S.A. 2000 Supp. 21-4716[b][2][B]). This additional stipulation does not support a different result than that reached in *Cullen*. The defendant before us received an upward durational departure sentence pursuant to K.S.A. 2000 Supp. 21-4716, a statutory sentencing scheme we have repeatedly held to be unconstitutional on its face.

Defendant's sentence must be vacated and the case is remanded for resentencing within the statutory range.

ABBOTT, J., not participating.

BRAZIL, S.J., assigned.