No. 94,651

STATE OF KANSAS, *Appellee,*

v. LAFAYETTE ALAN GAYDEN, *Appellant.*

(130 P.3d 108)

Opinion filed March 17, 2006.

*Paul E. Dean,* of Sherman & Dean, of Emporia, argued the cause and was on the brief for appellant.

*Vernon E. Buck,* first assistant county attorney, argued the cause and *Mark Goodman,* county attorney, and *Phill Kline,* attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

McFARLAND, C.J.: Lafayette Alan Gayden filed a pro se motion to correct an illegal sentence under K.S.A. 22-3504(1). The district court denied relief and defendant appeals therefrom.

## BACKGROUND

The facts of this case are fully set forth in this court's opinion affirming defendant's convictions and sentences in his direct appeal. *State v. Gayden,* 259 Kan. 69, 910 P.2d 826 (1996). For purposes herein, they are highly summarized as follows. In 1993, in a crowded bar in Emporia, a dispute broke out between defendant and Darrell Murray. Defendant produced a gun and commenced firing at Murray. Numerous shots were fired. In the barrage, Murray was shot in the arm. Five bystanders were shot, including Kyla Adams whose injuries were fatal. In 1994, defendant was convicted of first-degree felony murder, attempted voluntary manslaughter,

four counts of reckless aggravated battery, a firearms violation, and possession of cocaine. Defendant was sentenced to consecutive sentences totalling life plus 68 months in prison and 1 year in jail. Subsequently the denial of his K.S.A. 60-1507 motion challenging the validity of the complaint and arguing ineffective assistance of counsel was affirmed. See *Gayden v. State,* No. 89,487, unpublished opinion filed February 27, 2004, *rev. denied* 278 Kan. 844 (2004).

## ISSUE PRESENTED

Defendant bases his claim of illegal sentence on his assertion that the six felony convictions involving personal injury arose from a single wrongful act and cumulative punishments are therefore barred by the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.

## ILLEGAL SENTENCE STATUTE

Before consideration of the issue on its merits, we must first determine whether a claimed constitutional double jeopardy violation for imposing consecutive sentences fits within the definition of "illegal sentence" as contemplated by K.S.A. 22-3504(1).

The district court denied the motion on its merits without considering whether the defendant's claim met the definition of an illegal sentence. On appeal, the State alludes to but does not argue that the defendant's claim does not allege an illegal sentence. The defendant's brief makes no attempt to show how his claim meets the definition of an illegal sentence.

An illegal sentence has been defined as "a sentence imposed by a court without jurisdiction, a sentence which does not conform to the statutory provision, either in the character or the term of the punishment authorized, or a sentence which is ambiguous with respect to the time and manner in which it is to be served. [Citations omitted.]" *State v. Duke,* 263 Kan. 193, 194, 946 P.2d 1375 (1997).

The defendant does not claim that the sentencing court lacked jurisdiction, nor does he claim the sentence is ambiguous. His claim concerns the imposition of consecutive sentences, so it can

be said that it concerns the punishment term. However, to meet the definition of an illegal sentence, the claim must be that the term of the sentence does not conform to relevant statutory provisions. Defendant makes no such claim. Rather, defendant's allegation is that his sentence violates a constitutional provision. Does the definition of an illegal sentence under K.S.A. 22-3504(1) include a claim that the punishment term violates a constitutional provision? We hold that it does not.

Although no case was found directly on point, there are several cases in which upward departure sentences were found to be illegal because they were based on an unconstitutional sentencing scheme. See *State v. Barnes*, 278 Kan. 121, 123, 92 P.3d 578 (2004) (citing *State v. Santos-Garza*, 276 Kan. 27, 72 P.3d 560 [2003], and *State v. Cullen*, 275 Kan. 56, 60 P.3d 933 [2003]) ("the sentences in *Santos-Garza* and *Cullen* were illegal because they were based on an unconstitutional sentencing scheme").

At first blush these cases may seem to allow a claim that a sentence is unconstitutional to be raised as an illegal sentence. However, the upward departure sentences in those cases were not held to be illegal because they violated the constitutional requirement that any fact that increases the maximum sentence be submitted to a jury and proved beyond a reasonable doubt. Rather, the sentences were illegal because, procedurally, the statutory scheme for upward departures had been eliminated by the decision in *State v. Gould*, 271 Kan. 394, 23 P.3d 801 (2001) (finding the upward departure sentencing scheme to be unconstitutional and void). See *State v. Cullen*, 275 Kan. at 59 (quoting *State v. Boswell*, 30 Kan. App. 2d 9, 11, 37 P.3d 40 [2001]) (An upward departure " 'sentence is illegal because the basis for it has been declared unconstitutional by the Supreme Court; thus, there is no statutory authority to impose the sentence.' "); see also *State v. Kessler*, 276 Kan. 202, 217, 73 P.3d 761 (2003) (Because a court's authority to impose a sentence exists only by statute, "where the statutory procedure for imposing upward durational departure sentences has been found unconstitutional, the district court has no authority to impose such a sentence."). A sentence for which no statutory au-

thority exists does not conform to statutory provisions and is, therefore, within the definition of an illegal sentence.

To meet the definition of an illegal sentence, as defined by this court, the defendant's claim must allege that his sentence does not conform to the statutory provision, either in the character or the term of the punishment authorized. This court has held that K.S.A. 22-3504(1) has very limited applicability. *State v. Johnson*, 269 Kan. 594, 602, 7 P.3d 294 (2000). A sentence is illegal only if it fits within the definition. A claim that a sentence fails to conform to *constitutional* requirements is not a claim it fails to conform to *statutory* requirements. Thus, the defendant's claim does not fit within the limited, narrow definition of an illegal sentence.

As previously stated, the district court denied relief on the merits, holding there was no double jeopardy violation in sentencing defendant for the crime against each of the six victims. Defendant acknowledges that this result is supported by our prior case law, specifically, *State v. Jones*, 257 Kan. 856, 896 P.2d 1077 (1995). Defendant argues that *Jones* was wrongly decided. Were we to reach the merits herein, defendant could not prevail. See *State v. Huynh*, 278 Kan. 99, 92 P.3d 571 (2004) (based on *Jones*, no merger where underlying assault was directed at persons other than the intended victim); *State v. Ramos*, 271 Kan. 520, 24 P.3d 95 (2001) (consecutive sentences for felony murder and criminal discharge of a firearm did not violate double jeopardy because the act of discharging the firearm into an occupied dwelling was separate and distinct from the resulting death).

We conclude the district court properly denied relief on the motion to correct an illegal sentence but did so based on the wrong reason. Relief should have been denied because the claim does not fit within the definition of an illegal sentence. It does not appear this issue was raised before the district court. As it is a jurisdictional question, the matter may be raised at any time, *sua sponte*. See *State v. Nelson*, 263 Kan. 115, 116, 946 P.2d 1355 (1997).

We affirm the district court as it reached the correct result. See *State v. Graham*, 277 Kan. 121, 133, 83 P.3d 143 (2004).