No. 99,463

STATE OF KANSAS, *Appellee*, v. ISSAC DUNCAN, *Appellant*.

(243 P.3d 338)

Review of the judgment of the Court of Appeals in an unpublished opinion filed February 13, 2009. Opinion filed November 19, 2010.

*Heather Cessna*, of Kansas Appellate Defender Office, argued the cause, and *Sarah Morrison*, of the same office, was on the brief for appellant.

*David Lowden*, assistant district attorney, argued the cause, and *Kristi L. Barton*, assistant district attorney, *Nola Tedesco Foulston*, district attorney, and *Steve Six*, attorney general, were on the briefs for appellee.

The opinion of the court was delivered by

BILES, J.: Isaac Duncan seeks review of a Court of Appeals decision affirming his upward durational departure sentence ordered after a plea agreement. He argues the departure sentence is illegal because the trial court did not empanel a jury to determine whether aggravating factors existed to justify the upward departure as required by K.S.A. 21-4718 and *Apprendi v. New Jersey*, 530 U.S. 466, 490, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). The issue is whether Duncan waived the right to have a jury make this de-

termination. The Court of Appeals held Duncan waived this right during the plea hearing, even though he was never informed that he had a right to a jury determination on this issue. We disagree with the Court of Appeals panel. We find Duncan did not make a constitutionally valid waiver because he was not informed of this right in the plea agreement or at the plea hearing. We reverse the Court of Appeals and the district court, vacate Duncan's sentence, and remand the case to the district court for resentencing without an upward durational departure.

### FACTUAL AND PROCEDURAL BACKGROUND

In 2004, Duncan severely beat another bar patron. He was charged with aggravated battery, a severity level 4 offense. After Duncan entered into a plea agreement, the State reduced the charge to a severity level 7 offense to which he pleaded guilty. Duncan had a criminal history score of A, which meant his conviction of the severity level 7 offense would have fallen in block 7-A on the nondrug sentencing guideline grid. The presumptive sentencing range for this block is 34-32-30 months' imprisonment. K.S.A. 2003 Supp. 21-4704.

But the plea agreement was based upon a different recommended sentence. Duncan agreed to an underlying upward durational departure to 48 months' imprisonment in exchange for a downward dispositional departure to probation. The terms of the plea agreement did not explicitly state Duncan was waiving his right to have a jury determine whether any aggravating factors existed to permit an upward durational departure. The plea agreement contained the following two waivers regarding jury determinations:

"I have a right to a trial where my guilt or innocence on all of the criminal charges against me would be determined by a jury, or if I choose to waive a jury, by a judge.

. . . .

"At such trial it would be the burden of the State of Kansas to prove my guilt beyond a reasonable doubt on each element of the charge(s) against me before I could be found guilty."

At the plea hearing, the district court informed Duncan that by pleading guilty he was relinquishing the following rights: (1) his

right to a trial; (2) his right to raise any defenses to the charge; (3) his right to have the State prove each offense; (4) his right to compel witness testimony; and (5) his right to testify in his own defense. Regarding sentencing, the district court informed him of the potential sentence and that the court was not bound by the agreement. The district court did not state Duncan had a right to a jury determination of the aggravating factors to justify an upward durational departure sentence.

The district court imposed both of the previously agreed-to departure sentences. It held the upward departure recommended in the plea agreement was justified because Duncan's sentence was already significantly reduced by the bargained-for amendment to the charge, making it a severity level 7 offense instead of a severity level 4 offense.

The waiver challenge arose later after Duncan's probation was revoked and he was ordered to serve the 48-month sentence. Duncan timely appealed the probation revocation to the Court of Appeals, challenging whether the previously agreed-to upward durational departure was legal because he did not explicitly waive his right to have a jury determine whether there were aggravating factors to invoke that departure. The panel held Duncan waived this right but did so without distinguishing between Duncan's explicit waiver of his right to have a jury find him guilty as charged beyond a reasonable doubt and the separate right identified in *Apprendi* to have a jury find the aggravating factors upon which an upward durational departure could be based. *State v. Duncan,* No. 99,463, unpublished opinion filed February 13, 2009, slip op. at 2-3. The panel simply held:

"[A]t Duncan's plea hearing, the trial court notified Duncan of his right to a jury trial and determined that Duncan knowingly, willingly, and voluntarily waived his rights, including his right to a jury. At that hearing, Duncan agreed to the recommended upward durational departure sentence of 48 months. *Duncan waived his right to have a jury find aggravating factors beyond a reasonable doubt during the plea hearing, and Duncan's sentence is, therefore, not illegal.* The trial court did not err in sentencing Duncan to the agreed upon 48-month sentence when it revoked Duncan's probation." (Emphasis added.) Slip op. at 3.

The panel dismissed two remaining issues because Duncan failed to timely appeal the initial sentencing orders. Slip op. at 4-5.

Duncan petitioned this court for review, which was granted on the sole issue of whether Duncan waived his right to a jury determination of the aggravating sentencing factors. Jurisdiction is proper under K.S.A. 20-3018(b) (review of a Court of Appeals decision).

ANALYSIS

*Standard of Review*

We must determine whether Duncan waived his right to have a jury make the determination of the aggravating factors required to support the 48-month upward durational departure sentence. When the facts are undisputed, whether a defendant knowingly and voluntarily waived his right to a jury trial is a question of law subject to unlimited review. See *State v. Kirtdoll*, 281 Kan. 1138, 1144, 136 P.3d 417 (2006) (holding that factual underpinnings are reviewed for substantial competent evidence, but the ultimate question of a *Miranda* waiver's voluntariness is a question of law subject to de novo review); see also *State v. Carter*, 278 Kan. 74, 77-78, 91 P.3d 1162 (2004) (holding a challenge to the Confrontation Clause is reviewed de novo when the facts are undisputed); *State v. Sykes*, 35 Kan. App. 2d 517, 522-23, 132 P.3d 485, *rev. denied* 282 Kan. 795 (2006) (whether a defendant knowingly and voluntarily waived the right to a jury trial is reviewed de novo when facts are undisputed).

*Jurisdiction*

Before reaching the merits of the issue, we must consider the State's challenge to this court's jurisdiction to consider Duncan's appeal. The State first argues that state law bars review of "any sentence resulting from an agreement between the state and the defendant which the sentencing court approves on the record." K.S.A. 21-4721(c)(2). But this court has stated in dicta that "[w]here K.S.A. 21-4721 applies, an appellate court's jurisdiction to consider a challenge to a sentence is limited to those grounds authorized by the statute *or a claim that the sentence is otherwise illegal*." (Emphasis added.) *State v. Ware*, 262 Kan. 180, Syl. ¶ 2, 938 P.2d 197 (1997). In addition, the Court of Appeals has held

that sentences resulting from a plea agreement can be appealed if they are illegal. See, *e.g.*, *State v. Boswell*, 30 Kan. App. 2d 9, 11, 37 P.3d 40 (2001). We have cited those decisions with approval. See *State v. Santos-Garza*, 276 Kan. 27, 31-32, 72 P.3d 560 (2003); *State v. Cullen*, 275 Kan. 56, 58-60, 60 P.3d 933 (2003).

The State further argues Duncan's sentence is not illegal because K.S.A. 21-4718 is not an illegal sentencing scheme, citing *Cullen*. In *Cullen*, this court held the previous departure sentence statute, K.S.A. 2001 Supp. 21-4716(a), was unconstitutional on its face because it allowed the trial judge to impose an upward departure sentence without empanelling a jury to determine whether any substantial and compelling reasons support a departure. 275 Kan. at 61. Our decision was based on *Apprendi*, which held that any factor used to enhance a sentence beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. 530 U.S. at 490. To comply with *Apprendi*, the Kansas Legislature enacted K.S.A. 21-4718. See L. 2002, ch. 170, sec. 2 (b); *Cullen*, 275 Kan. at 61.

As the State points out, the statute is now constitutional in this respect, but that has no bearing on the issue in this case, *i.e.*, whether Duncan waived the right to have a jury determine whether aggravating factors existed to support an upward durational departure sentence. The State's arguments are without merit. We find this court has jurisdiction to review a sentence that is challenged as being illegal.

*Jury Trial Waiver*

Turning now to the waiver challenge, it must be acknowledged that Duncan has a right to have a jury determine whether aggravating factors exist before the sentencing court may order an upward durational departure sentence. This right was originally established in *Apprendi* and then codified in K.S.A. 21-4718(b). But it also is undisputed that a defendant can waive this right. K.S.A. 21-4718(b)(4) states the trial judge may conduct the upward departure sentence proceeding—if the right to a jury is waived in the manner required by K.S.A. 22-3403. This provision is consistent with the United States Supreme Court's decision recognizing a

defendant may waive the right to have a jury determine the upward departure factors. *Blakely v. Washington,* 542 U.S. 296, 310, 159 L. Ed. 2d 403, 124 S. Ct. 2531 (2004); see *State v. Horn,* 291 Kan. 1, Syl. ¶¶ 2-4, 238 P.3d 238 (2010). The question is whether Duncan waived his right to have a jury determine the aggravating sentencing factors that were a necessary element to find before imposing an upward durational departure of 48 months.

In other contexts, we have held that to be constitutionally valid, a waiver of rights in guilty or no contest pleas must be voluntary, knowing, and intelligent acts performed with sufficient knowledge of the relevant circumstances and likely consequences. *State v. Shopteese,* 283 Kan. 331, 340-41, 153 P.3d 1208 (2007). Recently, this court held that to satisfy the Due Process Clause a waiver must be an intentional abandonment or relinquishment of a known right or privilege. *State v. Copes,* 290 Kan. 209, 218, 224 P.3d 571 (2010). As such, to waive the right to a jury in an upward durational departure proceeding, the defendant must do more than consent to the sentence. See *Horn,* slip op at 12-13. Duncan needed to understand—and the record needs to demonstrate—what specific right or rights he was waiving. An examination of the plea hearing proceedings relied upon by the Court of Appeals, as well as the written plea agreement, are required to determine whether the waiver satisfied these criteria.

At the plea hearing, the district court informed Duncan he was relinquishing his right to a trial on his guilt, his right to raise any defenses to the charge, his right to have the State prove each offense, his right to compel and cross-examine witness testimony, and his right to testify in his own defense. Regarding sentencing, the district court informed him of the potential range of sentences that could be imposed and that the court was not bound by the plea agreement and could impose any legal sentence deemed appropriate. But the district court did not advise Duncan that he had a right to a jury determination of the aggravating sentencing factors.

Similarly, the written plea agreement only informed Duncan of his right to have his guilt or innocence determined by a jury and the requirement that the State prove his guilt beyond a reasonable

doubt on each element of the charge. Neither of these provisions informed Duncan he had a right to a jury determination of the aggravating sentencing factors. Indeed, under even the most generous reading of the plea agreement, at best, suggests it is ambiguous as to whether the defendant was waiving both the jury determination of guilt and the jury determination of aggravating factors. But if we were to find such ambiguity, it would not matter. This court interprets plea agreements under the same standard applied to ambiguous statutes, so that any uncertain language is strictly construed in the defendant's favor. *State v. Patton*, 287 Kan. 200, 228, 195 P.3d 753 (2008). Under this standard, the plea agreement's language would not be enough to constitute a waiver as written.

In *Horn*, we held that "[a] waiver of the trial jury, standing alone, does not effectively waive the defendant's right to have a jury for the upward durational departure sentence proceeding." Slip op. at 13. Applying *Horn* to this case, we find Duncan did not make a constitutionally valid waiver of his right to a jury determination of the aggravating sentencing factors.

We also held in *Horn* that K.S.A. 21-4718(b)(4) does not permit the district court to empanel a jury solely for the purpose of conducting upward durational departure proceedings when the defendant has pleaded guilty or no contest. Slip op. at 13-14. Accordingly, in *Horn* we found that the failure to obtain a constitutionally valid waiver of a defendant's right to a jury determination of the aggravating factors necessarily precluded the district court from conducting the upward durational departure proceeding. Slip op. at 13 ("[I]f the defendant has not waived his or her right to a jury for the upward durational departure sentence proceeding, a court-ordered departure proceeding violates . . . constitutional mandates . . . ."). Further applying *Horn* to this case, we find Duncan's sentence must be vacated and the case remanded to the district court for resentencing without an upward durational departure because the statute does not permit the district court to empanel a jury solely to consider Duncan's aggravating factors.

We reverse the Court of Appeals and the district court on the issue subject to our review, Duncan's sentence is vacated, and case is remanded to the district court with directions for resentencing.

DAVIS, C.J, not participating.

MICHAEL F. POWERS, District Judge, assigned.