NOT DESIGNATED FOR PUBLICATION

No. 113,604

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SHANA MILES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Chase District Court; MERLIN G. WHEELER, judge. Opinion filed November 20, 2015. Appeal dismissed.

Submitted for summary disposition pursuant to K.S.A. 2014 Supp. 21-6820(g) and (h).

Before MALONE, C.J., GREEN and HILL, JJ.

*Per Curiam*:  Shana Marie Miles appeals her sentence following her no-contest plea to one count of aggravated battery. We granted Miles' motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2014 Kan. Ct. R. Annot. 66). The State has filed no response.

On December 5, 2014, Miles pled no contest to one count of aggravated battery, a severity level 7 person felony. As part of the plea agreement, Miles stipulated to serving 11 months in the Department of Corrections, which constituted an upward dispositional departure on her otherwise presumptive probation sentence. The record does not explain the reason for the stipulation. On January 20, 2015, the district court adopted the plea

1

agreement and sentenced Miles to 11 months' imprisonment, with 12 months' postrelease supervision. Miles' court-appointed attorney filed a notice of appeal from that sentence.

On appeal, Miles argues that the "district court erred in sentencing [her] to 11 months in the Department of Corrections." But as Miles acknowledges, an appellate court shall not review any sentence resulting from an agreement between the State and the defendant which the sentencing court approves on the record. See K.S.A. 2014 Supp. 21-6820(c)(2); *State v. Duncan*, 291 Kan. 467, 470, 243 P.3d 338 (2010).

We note that under K.S.A. 2014 Supp. 21-6820(a), a departure sentence is subject to appeal by the defendant or the State. In *State v. Looney*, 299 Kan. 903, 909, 327 P.3d 425 (2014), our Supreme Court held that all departure sentences are subject to appeal by statute "unless appellate jurisdiction is divested by a more specific provision." Under the facts of this case, where the district court gave Miles the precise sentence she requested which included a departure, we conclude that K.S.A. 2014 Supp. 21-6820(c)(2) is a more specific provision than K.S.A. 2014 Supp. 21-6820(a). Thus, under K.S.A. 2014 Supp. 21-6820(c)(2), this court is without jurisdiction to consider Miles' appeal.

Appeal dismissed.