NOT DESIGNATED FOR PUBLICATION

No. 117,851

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ALAN LEE GREER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Allen District Court; DANIEL D. CREITZ, judge. Opinion filed June 29, 2018. Affirmed in part, vacated in part, and remanded.

*Shannon D. Rush*, of Coffman & Campbell, LLC, of Lyndon, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., MALONE, J., and STUTZMAN, S.J.

PER CURIAM: This is Alan Lee Greer's direct appeal following his no-contest plea to aggravated criminal sodomy and aggravated indecent liberties with a child. Greer claims the district court erred in denying his presentence motion to withdraw his plea. He also claims the district court erred by imposing an upward durational departure sentence without having a jury find the existence of any aggravating factor to increase the term of the sentence. We reject Greer's claim regarding the motion to withdraw his plea, but we agree with Greer that the district court erred in imposing the sentence.

1

FACTUAL AND PROCEDURAL BACKGROUND

On February 1, 2012, the State charged Greer with sexual exploitation of a child. At the preliminary hearing, the State admitted a photograph that showed a naked 14-month-old infant sitting on a man's lap. The photograph is not part of the record, but apparently the man's face is not shown in the photograph. According to Coffeyville Chief of Police Anthony Celeste's testimony at the preliminary hearing, the man is wearing camouflage pants and his hand is visible. Celeste testified that he had found camouflage pants in Greer's bedroom like those in the photograph.

Nena Stevens testified at the preliminary hearing that the infant in the photograph is her grandson and that the man's hand in the photograph belongs to Greer. She went on to testify that the infant's mother is Amanda Grotton and that Greer is Grotton's former boyfriend. Wichita Police Detective Jennifer Wright testified that she obtained a photograph from Greer's computer of Grotton performing oral sex on an infant. At a later hearing, Grotton admitted that it was her son in both photographs.

On October 1, 2012, Greer filed a motion to dismiss the charge, arguing that because the infant in the photograph was so young, the infant could not have suffered any harm that the statute was intended to punish or prevent. The district court initially granted Greer's motion to dismiss but later reversed that ruling on the State's motion for reconsideration. Thereafter, Greer attempted multiple times to dismiss the charge on procedural grounds. Greer eventually filed a petition for writ of habeas corpus under K.S.A. 60-1501, which the district court denied. On March 13, 2015, this court affirmed the denial of Greer's K.S.A. 60-1501 petition. See *Greer v. County of Allen, Sheriff's Dept.*, No. 111,829, 2015 WL 1310932, at *1-2 (Kan. App. 2015) (unpublished opinion).

The State subsequently filed an amended information charging Greer with aggravated indecent liberties of a child and aggravated criminal sodomy. Following

extensive litigation, the jury trial was set for December 14, 2015. But just a few days before trial, the State provided Greer's attorney, John Crawford, with an enlarged photograph of Greer's hand. The State was going to use the photograph in an attempt to prove that Greer was the man in the photograph with the infant. Crawford contacted an expert to testify whether Greer's hand in the enlarged photograph was the hand in the photograph with the infant. Ultimately, Crawford did not think that expert testimony was necessary or that the expert would be particularly helpful; he thought that he could sufficiently rebut the State's expert's testimony on cross-examination.

On the first day of trial, the parties selected a jury. That same day, Crawford received Grotton's medical records from her stay at Jane Phillips Hospital. Because Grotton's testimony was going to be damaging to Greer, one of the defense's trial strategies was to use Grotton's substantial history of mental illness to attack her credibility. Crawford had previously overlooked Grotton's stay at Jane Phillips Hospital, but he had already reviewed medical records from Grotton's other hospital stays. He determined that he learned nothing new from the Jane Phillips Hospital records.

Some additional evidence surfaced on the evening of the first day of trial. According to the State, Greer had slipped a letter into Grotton's jail cell on December 6, 2015, but this letter was not discovered until the first day of trial. A video of this incident supposedly captured Greer slipping the letter to Grotton. The letter instructed Grotton to testify favorably for Greer. The State intended to use the letter as evidence at trial.

With the discovery of the letter, before the second day of trial began, Greer decided to plead no contest to both charges. Greer signed a waiver acknowledging the rights he was giving up and the counts to which he was pleading no contest. The district court conducted an extensive plea colloquy with Greer to make a record that he understood his rights, the nature of the charges, and the potential penalties for the crimes.

3

After finding that Greer was knowingly and voluntarily waiving his rights, the district court accepted the plea and scheduled the case for sentencing.

Before sentencing, Greer began having doubts about his plea. He believed that Crawford had provided him with poor representation, specifically that Crawford had mishandled the photo evidence by not getting an expert witness. Greer claimed that he had not learned about the purported mishandling until after his plea. He now wanted to have new counsel, which the district court granted.

On August 18, 2016, Greer's new counsel filed a motion to withdraw his plea. In that motion, Greer alleged that Crawford had provided him with deficient representation. Greer claimed that Crawford should have requested a trial continuance given the late breaking evidence, including the enlarged photograph, the hospital records, and the jail letter. Greer claimed that because of all the hectic activity and Crawford's failure to request a continuance, he was coerced into taking a plea.

On December 13, 2016, the district court held a hearing on the motion to withdraw the plea. Greer and Crawford were the only witnesses. Greer testified that he did not have sufficient time with discovery, that he was unaware he could seek a continuance at trial, and that Crawford made him feel as though he had no choice but to take a plea.

Crawford refuted much of Greer's testimony. He testified that he discussed the case in depth with Greer. He also testified that he followed witness leads given to him by Greer, and he sent Greer discovery throughout the case. Crawford made it clear that he did not need a continuance and he was prepared for trial despite the last minute discovery of the hospital records and the letter. Crawford explained that he never discussed a continuance with Greer after discovery of the letter because Greer was insistent on pleading no contest to the charges at that point.

4

Ruling from the bench that same day, the district court denied Greer's motion to withdraw his plea. The district court initially found that Greer failed to show good cause to withdraw his plea. The district court added that Greer also failed to make a showing of manifest injustice. The district court found Crawford's testimony to be more credible than Greer's, and the court found that Crawford had provided adequate representation at trial. In its written journal entry memorializing the ruling, the district court reiterated that Greer "failed to show good cause or manifest injustice to merit withdrawal of his plea."

At the sentencing hearing on February 3, 2017, the State asked the district court to sentence Greer to prison for 165 months for aggravated criminal sodomy and for 61 months for aggravated indecent liberties to run consecutively. After hearing arguments of counsel, the district court announced that the evidence was the most disturbing it had ever seen. The district court sentenced Greer to 330 months' imprisonment, which was double Greer's presumptive sentence of 165 months' imprisonment for aggravated criminal sodomy. Greer timely filed a notice of appeal.

MOTION TO WITHDRAW PLEA

On appeal, Greer first argues that the district court erred in denying his presentence to motion to withdraw his plea. Greer initially argues that the district court applied the wrong legal standard in addressing the motion. Specifically, he argues that the district court applied the manifest injustice standard rather than the good cause standard. Greer also argues that the district court erred in denying the motion as the evidence demonstrated good cause to withdraw the plea. The State argues that the district court applied the proper standard in denying the motion and that Greer failed to establish good cause to withdraw his plea.

K.S.A. 2017 Supp. 22-3210(d) governs plea withdrawals. It applies a different standard depending on whether a motion to withdraw a plea is made before or after

5

sentencing. *State v. Aguilar*, 290 Kan. 506, 511, 231 P.3d 563 (2010). "A plea of guilty or nolo contendere, for good cause shown and within the discretion of the court, may be withdrawn at any time before sentence is adjudged." K.S.A. 2017 Supp. 22-3210(d)(1). "To correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw the plea." K.S.A. 2017 Supp. 22-3210(d)(2). Good cause is a lesser standard than manifest injustice. *Aguilar*, 290 Kan. at 512 (citing *State v. Schow*, 287 Kan. 529, 541, 197 P.3d 825 [2008]).

An appellate court reviews a district court's ruling on a defendant's motion to withdraw a plea for an abuse of discretion. *State v. Schaal*, 305 Kan. 445, 449, 383 P.3d 1284 (2016). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the district court; (2) the action is based on an error of law; or (3) the action is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). As an error of law constitutes an abuse of discretion, "[a] district judge's failure to apply the correct legal standard under K.S.A. 22-3210(d) in a plea withdrawal hearing is an abuse of discretion." *Aguilar*, 290 Kan. 506, Syl. ¶ 2.

Greer initially argues that the district court applied the incorrect legal standard when it overruled his motion to withdraw his plea, thus abusing its discretion. Greer points out that the district court found that he failed to make a showing of good cause or manifest injustice for his plea withdrawal. Greer argues that because he attempted to withdraw his plea before sentencing, he was only required to show good cause, a lower bar than manifest injustice, in order to withdraw his plea.

We find *State v. Lackey*, 45 Kan. App. 2d 257, 246 P.3d 998 (2011), persuasive on this issue. In *Lackey*, the district court stated the following when denying the defendant's presentence motion to withdraw his plea:

6

"'None of the factors that required the Court to make their particular ruling in *Schow* are present in our situation. There's just been no good cause shown, in this Court's opinion, to have [Lackey] withdraw his plea. And I do not believe that it will result in *manifest injustice* based upon our particular facts and circumstances.

"'[Lackey's] criminal—substantial criminal rights have been scrupulously guarded throughout these proceedings, certainly by able counsel, but also by the Court and, frankly, also by the State. I see no *Constitutional infringements* on your client. And based upon, in effect, summary of the State's argument and in their oral argument and in their written response, I believe that their logic and the case law carries the day. And in that—in that vein, your motion to withdraw the guilty plea is denied.'" 45 Kan. App. 2d at 267-68.

On appeal, this court found that, when the good cause standard is appropriate, a district court's reference to both good cause and manifest injustice standards does not necessarily show that the district court committed an error of law. 45 Kan. App. 2d at 267-68. Instead, appellate courts should consider the broader context of the district court's ruling. 45 Kan. App. 2d at 268. The *Lackey* court concluded: "When read in its entirety, the court's oral ruling properly identified the controlling legal standard of 'good cause' and thereafter applied it to the facts presented." 45 Kan. App. 2d at 268.

Greer also directs our court to the following portion of the district court's ruling, arguing that it shows the district court applied solely the manifest injustice standard.

"And a lot of times maybe it's important to ask for a continuance. You can't think of everything. At some point the process has to proceed. If you read the Kansas Supreme Court cases that is what they are essentially saying, that's why the statute is set out like it is, good cause, manifest injustice. Well, just because something happens in the spur of the moment that changes the course of the trial doesn't mean that alone is a manifest injustice or that alone is a manifest injustice that should grant a continuance even if requested. Things happen."

7

However, considering the broader context of the district court's ruling, as this court did in *Lackey*, we find that the district court was merely illustrating that every trial surprise does not require an attorney to request a continuance. In this case, the district court was explaining why the letter apparently written by Greer attempting to coerce Grotton's testimony, found the first day of trial, did not necessarily require Crawford to seek a continuance. The district court went on to explain that Crawford was "doing his job and doing it very well" and that the letter surprised all parties. The district court was not applying only the manifest injustice standard in denying Greer's motion.

To sum up, the district court admittedly applied both the good cause standard and the manifest injustice standard in denying Greer's motion. While reference to the manifest injustice standard was unnecessary to the district court's ruling, it was neither a legal error nor an abuse of discretion. The district court expressly found that Greer failed to show good cause to withdraw his plea. Good cause is a lesser standard than manifest injustice. *Aguilar*, 290 Kan. at 512. As a result, where the district court does not find good cause for the defendant to withdraw a plea, it implicitly finds there is no manifest injustice. We reject Greer's claim that the district court applied the incorrect legal standard when it overruled his motion to withdraw his plea.

Next, Greer claims that, even under the good cause standard, the district court abused its discretion when it denied his presentence motion to withdraw his plea. For this issue, Greer is not claiming that the district court committed an error of fact or law. "Accordingly, '[i]f reasonable persons could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion.' [Citations omitted.]" *State v. Stewart*, 306 Kan. 237, 251, 393 P.3d 1031 (2017). Greer bears the burden of showing such abuse of discretion. *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

The district court should consider three factors (often called the *Edgar* factors after *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 [2006]) in deciding whether a defendant has shown good cause to withdraw a plea before sentencing: (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made. These factors should not be applied mechanically and to the exclusion of other factors. *State v. Fritz*, 299 Kan. 153, 154, 321 P.3d 763 (2014).

For the first factor, Greer argues that Crawford provided inadequate representation because he did not properly deal with the late discovery of evidence, including the enlarged photograph of Greer's hand, Grotton's medical records, and the jail letter. Under the first factor, the defendant need not show that his counsel was unconstitutionally ineffective; rather, the defendant may rely on "'[m]erely lackluster advocacy'" to support good cause. *State v. Schaefer*, 305 Kan. 581, 589, 385 P.3d 918 (2016). That said, Greer's "unsupported subjective belief his attorney was not prepared for trial is not sufficient to demonstrate good cause for withdrawal of the plea." *State v. Harned*, 281 Kan. 1023, 1043, 135 P.3d 1169 (2006).

Here, there was substantial competent evidence to support the district court's finding that Crawford provided effective representation. At the hearing on the motion to withdraw plea, Crawford testified and refuted much of Greer's testimony about the late discovery of evidence. Crawford contacted an expert witness regarding the enlarged photograph of the hand, but he ultimately decided that expert testimony was unnecessary to rebut the State's evidence at trial. As for Grotton's medical records from Jane Phillips Hospital, Crawford explained that he had reviewed Grotton's records from other hospital stays and had determined that he learned nothing new from the Jane Phillips Hospital records. Crawford made it clear that he was prepared for trial and did not need a continuance despite the last minute discovery of the hospital records and the jail letter.

9

He also explained that he never discussed a continuance with Greer after discovery of the letter because Greer was insistent on pleading no contest at that point.

The district court's denial of Greer's motion turned on the credibility and weight given to the evidence. Here, the district court considered Crawford's testimony to be more credible than Greer's. Now, Greer asks this court to find that the district court incorrectly weighed the evidence. But an appellate court will not reweigh the evidence or redetermine the credibility of witnesses. *Schaefer*, 305 Kan. at 594.

Next, Greer contends that he gave a coerced and involuntary plea. He argues that Crawford's discussion with him the night of discovering the letter was coercive, causing him to involuntarily plead no contest because it made him feel as though he had to take a plea or receive a prison sentence for life. Greer also contends that he pled no contest without fully knowing and understanding his rights.

Greer's claims that he was coerced into making a plea without understanding his rights are largely refuted by the record of the district court's plea colloquy and the acknowledgement of rights form. Here, as usual, the district court engaged in a detailed colloquy with Greer at the plea hearing. As part of the colloquy, among his many acknowledgments, Greer stated that he was not coerced to plead and that he was pleading no contest freely and voluntarily. From the colloquy and the acknowledgement of rights form, as well as from Crawford's testimony, the record establishes that Greer knew the rights he was giving up and the consequences of pleading no contest. In denying the motion to withdraw the plea, the district court found that Greer was having "buyer's remorse." The record supports this finding. Greer has failed to establish that the district court abused its discretion in rejecting Greer's claims, that the plea was involuntary, and that he pled no contest without fully knowing his rights.

Finally, Greer argues that the State provided an insufficient factual basis for his plea. But as the State points out, Greer did not assert this claim in district court. As a general rule, an issue not raised before the district court cannot be raised on appeal. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). Although there are exceptions to the general rule, Greer has not asserted that any of the exceptions apply to his case. See Supreme Court Rule 6.02(a)(5) (2018 Kan. S. Ct. R. 34) (appellant must explain why the issue is properly before the court if it was not raised below). We conclude the district court did not abuse its discretion in denying Greer's motion to withdraw his plea.

SENTENCING ISSUE

Lastly, Greer claims that the district court erred by imposing an upward durational departure sentence without having a jury find the existence of any aggravating factor to increase the term of the sentence. The district court doubled Greer's presumptive sentence for the aggravated criminal sodomy conviction because it found that the evidence was the most disturbing it had ever seen. But as the State concedes, the district court violated Greer's constitutional right to have a jury decide beyond a reasonable doubt any aggravating factor that increases his sentence beyond the statutory maximum. See K.S.A. 2017 Supp. 21-6815(b); *State v. Duncan*, 291 Kan. 467, 471-72, 243 P.3d 338 (2010). Greer never waived his right to have a jury determine any aggravating factors. Thus, we must vacate Greer's sentence and remand for resentencing.

Affirmed in part, vacated in part, and remanded.

11