NOT DESIGNATED FOR PUBLICATION

No. 124,064

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DARRYLN MICHAEL JOHNSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; STEVEN R. EBBERTS, judge. Opinion filed July 29, 2022. Affirmed.

*Jennifer C. Bates*, of Kansas Appellate Defender Office, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before HURST, P.J., BRUNS and GARDNER, JJ.

PER CURIAM: Darryln Michael Johnson pled guilty to two counts of sexual exploitation of a child under the terms of a plea agreement with the State. As part of this plea deal, Johnson agreed to join the State in recommending that the district court sentence him to an upward durational departure sentence of 180 months. Both in the written plea agreement and in testimony presented at his plea hearing, Johnson admitted to the aggravating factors that supported the upward durational departure. In reliance on these admissions, the district court found that the aggravated factors existed and sentenced Johnson in accordance with the plea agreement.

1

On appeal, Johnson argues that the district court erred by not submitting the question of whether he committed the aggravating factors to a jury or by securing a waiver of his right to have a jury determine the existence of these factors. However, even if we assume that the district court erred, we find that any such error was harmless under the circumstances presented in this case. Moreover, remanding this case to the district court would be an exercise in futility because Johnson has already stipulated both in writing as well as in sworn testimony to the existence of the aggravating factors that supported the mutually agreed upon upward durational departure sentence. Thus, we affirm.

FACTS

In 2019, Johnson was charged with three counts of sexual exploitation of a child for videotaping a six-year-old child performing sexual acts between March 2013 and April 2015. The first two counts were off-grid person felonies, and the third count was a severity level 5 person felony. After negotiation, he entered into a written plea agreement with the State. In the written agreement, Johnson agreed to plead guilty to two counts of sexual exploitation of a child, a severity level 5 person felony, in exchange for the State dismissing the other charges.

Additionally, Johnson and the State agreed in the written plea agreement to jointly recommend that the district court impose an upward durational departure sentence of 180 months in prison. In the written plea agreement, Johnson also stipulated to the existence of two aggravating factors that would justify the imposition of an upward durational departure sentence. Specifically, Johnson stipulated as to the vulnerable age of the victim and that he had a fiduciary relationship with the victim.

It is undisputed that both the State and Johnson complied with the terms of the written plea agreement. As a result, Johnson pled guilty to the amended charges, and he

2

joined the State in recommending the imposition of an upward durational departure sentence of 180 months in prison. At Johnson's sentencing hearing, the district court heard testimony from a detective from the Topeka Police Department about photographs found on Johnson's cellphone. Moreover, the district court viewed video evidence of the crimes found on Johnson's cellphone. The district court then heard testimony from Johnson, who admitted that the victim was of a vulnerable age and that he violated a relationship of trust with the victim that could be described as a fiduciary relationship.

After considering the evidence, the district court accepted the joint recommendation of the parties and sentenced Johnson to an upward durational departure sentence of 180 months in prison on the first count. The district court also sentenced Johnson to a concurrent 32-month sentence on the second count. Significantly, before imposing the sentences, the district court found the existence of both aggravating factors justifying the imposition of an upward durational departure sentence based on Johnson's stipulations and admissions.

ANALYSIS

For the first time on appeal, Johnson contends that his sentence is illegal because the district court imposed an upward durational departure sentence without presenting the aggravating factors to a jury as required by K.S.A. 2021 Supp. 21-6815 and K.S.A. 2021 Supp. 21-6817. As discussed above, Johnson expressly agreed to the sentence imposed by the district court and specifically admitted under oath to the existence of the aggravating factors supporting the upward durational departure. Nevertheless, he now argues that the district court erred in failing to inform him of his right to have a jury determine the facts supporting an upward durational departure.

Although he raises this claim for the first time on appeal, Johnson argues that we may still consider it because an illegal sentence may be corrected at any time. K.S.A

2021 Supp. 22-3504. The Kansas Supreme Court has ruled that defendants may raise the issue of whether they waived the right to have a jury determine the existence of upward durational departure factors for the first time on appeal because such a claim implicates the legality of the resulting sentence. *State v. Duncan*, 291 Kan. 467, 470-71, 243 P.3d 338 (2010). Moreover, although the State suggests that *Duncan* was wrongly decided, it recognizes that we are duty-bound to follow the precedent established by our Supreme Court absent an indication that the court is departing from its previous position. *State v. Hambright*, 310 Kan. 408, 416, 447 P.3d 972 (2019). Thus, we will consider Johnson's argument on the merits.

A defendant has a constitutional right to have a jury determine whether aggravating factors exist to support an upward durational departure sentence. This right was articulated by the United States Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and subsequently codified into Kansas law. See K.S.A. 2021 Supp. 21-6817(b)(4). As our Supreme Court recognized in *Duncan*, a district court may still impose a departure sentence without submitting the aggravating factors to a jury when the defendant properly waives this right. 291 Kan. at 471-72.

As the State points out, the United States Supreme Court has repeatedly refused to consider constitutional claims brought through a motion to correct an illegal sentence. Likewise, after the *Duncan* case was decided, our Supreme Court has found that a defendant may not challenge constitutional errors in a motion to correct an illegal sentence. See *State v. Juiliano*, 315 Kan. 76, 82-84, 504 P.3d 399 (2022). Furthermore, our Supreme Court has made it clear that *Apprendi* issues cannot be raised through a motion to correct an illegal sentence. See, e.g., *State v. Valdez*, 314 Kan. 310, 313, 498 P.3d 179 (2021).

The State is correct that the definition of an "illegal sentence" under K.S.A. 2021 Supp. 22-3504(c)(1) does not include a claim that a sentence is illegal because it violates a constitutional provision. Hence, we find that Johnson is precluded from raising a constitutional challenge or an *Apprendi* violation in this appeal. *State v. Hayes*, 312 Kan. 865, 867-68, 481 P.3d 1205 (2021). Nevertheless, it appears that *Duncan* is still binding precedent to the extent that it allows a defendant to challenge a sentence as illegal if it does not conform to the applicable statutory provisions set forth in K.S.A. 22-3403. Moreover, we note that a panel of this court considered a similar issue involving a waiver of the right to a jury determination of aggravating factors supporting an upward durational departure in *State v. Thomas*, No. 114,934, 2017 WL 1104758, at *3 (Kan. App. 2017) (unpublished opinion) (rule precluding criminal defendants from using a motion to correct illegal sentence to assert constitutional violations may have precluded consideration of defendant's constitutional claim but not his parallel statutory claim based on K.S.A. 2015 Supp. 21-6817[b][2]).

In determining whether a sentence is illegal, we exercise de novo review. *State v. Redding*, 310 Kan. 15, 23, 444 P.3d 989 (2019). Likewise, when the facts are undisputed, whether a defendant waived his right to a jury determination of aggravating factors for sentencing is a question of law subject to unlimited review. *Duncan*, 291 Kan. at 470. Based on our review of the record on appeal, we find that Johnson's written stipulations and admissions made under oath during his testimony at the sentencing hearing are sufficient to constitute a waiver of his right to have a jury determine the existence of the aggravating factors necessary to justify the imposition of the mutually agreed upon upward durational departure sentence.

Although we agree that a generic waiver of the right to a jury trial may not be effective as to a defendant's right to have a jury determine the facts supporting an upward departure, Johnson did significantly more in this case. As the record reflects, Johnson stipulated in writing and admitted under oath as to specific aggravating factors that

5

existed in this case. We find it significant that Johnson explicitly admitted to the aggravating factors and unequivocally agreed to the imposition of the 180-month upward durational departure sentence in this case. As the United States Supreme Court has held, "[w]hen a defendant pleads guilty, the State is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial factfinding." *Blakely v. Washington*, 542 U.S. 296, 310, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). Thus, because Johnson stipulated to the relevant facts in support of his sentence enhancement, there was no factual dispute to be resolved in this case.

K.S.A. 2021 Supp. 21-6817(b)(1) provides that "[u]pon motion of the county or district attorney to seek an upward durational departure sentence, the court shall consider imposition of such upward durational departure sentence in the manner provided in subsection (b)(2)." Subsection (b)(2), in turn, states that the district court must decide if the evidence supporting the departure should be presented to the jury during the guilt phase of the trial or in a separate departure sentencing hearing following the trial. Subsection (b)(4) provides the procedural requirements if the district court determines that the factors should be presented to the jury in a separate hearing or if, as here, the defendant has pleaded guilty. See *State v. Horn*, 291 Kan. 1, 11-12, 238 P.3d 238 (2010); *State v. Hayden*, 52 Kan. App. 2d 202, 208, 364 P.3d 962 (2015).

Subsection (b)(4) states that "[i]f the court determines it is in the interest of justice, the court shall conduct a separate departure sentence proceeding *to determine whether the defendant may be subject to an upward durational departure sentence*. Such proceeding shall be conducted by the court before a jury as soon as practicable." K.S.A. 2021 Supp. 21-6817(b)(4). Based on the plain statutory language, we find that a separate departure proceeding is required only to resolve factual disputes relating to the existence of the aggravating factors that are alleged by the State to justify an upward durational departure sentence. Here, there is simply no factual dispute to be resolved.

Accordingly, we find that the district court did not err in accepting Johnson's stipulations and admissions regarding the aggravating factors necessary to justify the agreed upon upward durational departure sentence in this case. Furthermore, even if we assumed that the district court committed error, we would find any such error to be harmless under the circumstances presented in this case. Likewise, we do not consider the alleged error in this case to be structural in nature.

Whether an error constitutes structural error is a question of law over which appellate courts exercise unlimited review. *Johnson*, 310 Kan. at 913. "A structural error is one that is so pervasive it defies 'analysis by "harmless-error" standards.'" 310 Kan. at 913 (quoting *Arizona v. Fulminante*, 499 U.S. 279, 309, 111 S. Ct. 1246, 113 L. Ed. 2d 302 [1991]). These errors are "structural defects in the constitution of the trial mechanism," which affect the "entire conduct of the trial from beginning to end." *Fulminante*, 499 U.S. at 309-10. Structural errors prevent the trial court from serving its basic function of determining guilt or innocence and deprive defendants of the basic protections of a criminal trial. *Neder v. United States*, 527 U.S. 1, 8-9, 119 S. Ct. 1827, 144 L. Ed. 2d 35 (1999). Such errors render the trial fundamentally unfair, requiring automatic reversal. 527 U.S. at 8.

In *Washington v. Recuenco*, 548 U.S. 212, 222, 126 S. Ct. 2546, 165 L. Ed. 2d 466 (2006), the United States Supreme Court expressly held that "[f]ailure to submit a sentencing factor to the jury, like failure to submit an element to the jury, is not structural error." As such, such an error can be found to be harmless if the reviewing court finds beyond a reasonable doubt that the omitted sentencing factor was uncontested and supported by the evidence. *State v. Garza*, 290 Kan. 1021, 1031, 236 P.3d 501 (2010). Furthermore, the United States Supreme Court has identified "a very limited class of cases" involving structural errors, including: (1) total deprivation of counsel; (2) lack of an impartial trial judge; (3) denial of the right to self-representation at trial; (4) violation

7

of the right to a public trial; (5) erroneous reasonable doubt instruction; and (6) unlawful exclusion of members of the defendant's race from a grand jury. *Neder*, 527 U.S. at 8.

Based on our review of the record in this case, we find that none of the factors articulated by the United States Supreme Court are present. Rather, the record reveals that Johnson was represented by a competent and experienced criminal defense attorney; there is no allegation that the judge exercised bias; there is nothing in the record to suggest that Johnson sought to represent himself; there is no allegation that Johnson's right to a public trial was violated; there is no allegation regarding a reasonable doubt instruction; and there is no allegation of racial bias. Moreover, the alleged error in this case does not involve Johnson's guilt or innocence nor does it deprive him of the basic protections of a criminal trial. Likewise, we find nothing in the record to show that Johnson was treated fundamentally unfair by the district court.

In summary, it is undisputed that Johnson entered into a comprehensive written plea agreement in which he admitted and stipulated to two controlling aggravating factors and agreed to the specific upward durational departure sentence imposed by the district court. Also, there is no allegation that the State failed to abide by the terms of the plea agreement. In addition, the record reflects that Johnson received the benefit of his bargain. As a practical matter, the ultimate result would be the same if this case was remanded to the district court because Johnson would be bound by his admissions regarding the controlling aggravating factors. Since Johnson is bound by his stipulations, the failure of the district court to specifically secure a jury trial waiver as to the right to have those aggravating factors found by a jury did not affect the outcome of the proceedings. Thus, under the unique circumstances presented in this case, we affirm Johnson's sentence.

Affirmed.

8