NOT DESIGNATED FOR PUBLICATION

No. 126,142

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KALEN MICHAEL MOCK,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; MICHAEL A. RUSSELL, judge. Submitted without oral argument. Opinion filed January 26, 2024. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Garett C. Relph*, deputy district attorney, *Mark A. Dupree Sr.*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before HILL, P.J., MALONE and ISHERWOOD, JJ.

PER CURIAM: Kalen Michael Mock pleaded guilty to second-degree murder in accordance with an agreement that contemplated a mutually approved upward durational departure sentence of 240 months in prison, which is the term the sentencing court ultimately imposed. Mock later filed a motion to correct illegal sentence and claimed the sentencing court lacked statutory jurisdiction to impose the departure sentence he received because (a) the State waited until two weeks before the sentencing hearing to file notice of its intent to depart, and (b) he did not knowingly and intelligently waive his right to have a jury determine the existence of the aggravating factors that provided the

1

foundation for the sentence. The motion was denied, and Mock now argues the district court erred when it rejected his claims. For reasons explained below, we are not persuaded that Mock is entitled to relief. Accordingly, the district court's denial of his motion to correct an illegal sentence is affirmed.

FACTUAL AND PROCEDURAL BACKGROUND

Mock pled guilty to second-degree murder and the parties agreed to jointly recommend an upward durational departure sentence of 240 months in prison, which constituted an upward departure of 75 months. At the plea hearing, the parties explained to the district court that Mock agreed to waive the jury process to which an upward departure is ordinarily subject so that the district court could simply proceed with imposition of his sentence. The district court then determined that Mock freely, knowingly, and voluntarily waived his rights to enter his plea and adjudged him guilty of second-degree murder.

Two weeks before sentencing, the State filed its upward departure motion consistent with the term agreed upon by the parties and, at sentencing, both parties waived their right to have a jury weigh the existence of the aggravating factors relied upon to support the departure request. The district court then determined that Mock freely, knowingly, and voluntarily waived his right to a jury determination and found the aggravating factors existed beyond a reasonable doubt. Mock received the 240 months' prison term recommended by the parties.

Three years later, Mock experienced a change of heart and filed a pro se motion to assert that the district court lacked jurisdiction to impose his departure sentence given that he did not knowingly and intelligently waive his right to a jury determination of the aggravating factors. According to Mock, these deficiencies saddled him with an illegal

2

sentence that required correction. The district court summarily denied the motion and noted that Mock failed to request any remedy in his motion.

Mock now brings the matter to us for a determination of whether the district court erred in denying his motion.

LEGAL ANALYSIS

*The district court had jurisdiction to impose the upward durational departure sentence agreed upon by the parties.*

*Standard of Review*

Whether a sentence is illegal is a question of law subject to de novo review. *State v. Juiliano*, 315 Kan. 76, 78, 504 P.3d 399 (2022). Under K.S.A. 2022 Supp. 22-3504(c)(1) an illegal sentence is (1) a sentence imposed by a court without jurisdiction; (2) a sentence which does not conform to the statutory provision, either in the character or the term of the punishment authorized; or (3) a sentence which is ambiguous with respect to the time and manner in which it is to be served. An illegal sentence and may be corrected at any time. K.S.A. 2022 Supp. 22-3504(a). Resolution of this issue also requires interpretation of a statute which similarly raises a legal question over which we exercise unlimited review. *State v. Clark*, 313 Kan. 556, 572, 486 P.3d 591 (2021).

*State's Notice of Intent to Seek an Upward Durational Departure Sentence*

The first argument Mock makes in support of his illegal sentence claim is that the State failed to give timely notice of its intent to seek an enhanced sentence, as required by K.S.A. 2022 Supp. 21-6817(b)(1), which he contends deprived the district court of jurisdiction to impose the sentence. The State counters that the 30 days' notice

requirement should not apply because a trial was not held, and Mock properly waived his right to have a jury determine the existence of the aggravating factors.

Resolution of Mock's claim requires us to break down the relevant portions of K.S.A. 2022 Supp. 21-6817(b). Those sections state as follows:

"(b)(1) Upon motion of the county or district attorney to seek an upward durational departure sentence, the court shall consider imposition of such upward durational departure sentence in the manner provided in subsection (b)(2). The county or district attorney shall file such motion to seek an upward durational departure sentence not less than 30 days prior to the date of trial or if the trial date is to take place in less than 30 days then within seven days from the date of the arraignment.

(2) The court shall determine if the presentation of any evidence regarding the alleged fact or factors that may increase the penalty for a crime beyond the statutory maximum, other than a prior conviction, shall be presented to a jury and proved beyond a reasonable doubt during the trial of the matter or whether such evidence should be submitted to the jury in a separate departure sentencing hearing following the determination of the defendant's innocence or guilt.

(3) If the presentation of the evidence regarding the alleged fact or factors is submitted to the jury during the trial of the matter as determined by the court, then the provisions of subsections (b)(5), (b)(6) and (b)(7) shall be applicable.

(4) If the court determines it is in the interest of justice, the court shall conduct a separate departure sentence proceeding to determine whether the defendant may be subject to an upward durational departure sentence. Such proceeding shall be conducted by the court before a jury as soon as practicable. If any person who served on the trial jury is unable to serve on the jury for the upward durational departure sentence proceeding, the court shall substitute an alternate juror who has been impaneled for the trial jury. If there are insufficient alternate jurors to replace trial jurors who are unable to serve at the upward durational departure sentence proceeding, the court may conduct such upward durational departure sentence proceeding before a jury which may have 12

4

or less jurors, but at no time less than six jurors. Any decision of an upward durational departure sentence proceeding shall be decided by a unanimous decision of the jury. Jury selection procedures, qualifications of jurors and grounds for exemption or challenge of prospective jurors in criminal trials shall be applicable to the selection of such jury. The jury at the upward durational departure sentence proceeding may be waived in the manner provided by K.S.A. 22-3403, and amendments thereto, for waiver of a trial jury. If the jury at the upward durational departure sentence proceeding has been waived, the upward durational departure sentence proceeding shall be conducted by the court."

The most fundamental rule of statutory construction is that the intent of the Kansas Legislature governs if that intent can be ascertained. *State v. LaPointe*, 309 Kan. 299, 314, 434 P.3d 850 (2019). Generally, criminal statutes are strictly construed in favor of the accused. But this rule is subordinate to the rule that the interpretation of a statute must be reasonable and sensible to affect the legislative design and intent of the law. *State v. Gales*, 312 Kan. 475, 485, 476 P.3d 412 (2020).

It is clear from our review of the plain language of subsection (b) that its overall import is the concept of notice. That is, notice to the defendant to ensure he or she receives the protections they are entitled to under the Sixth Amendment to the United States Constitution in this context. See *State v. Marshall*, 50 Kan. App. 2d 838, 852, 334 P.3d 866 (2014). And as that notice relates to the district court, the subsection endeavors to establish an adequate time frame that allows the court to formulate an optimal sentencing plan and jury composition which are consistent with the circumstances surrounding each particular case. While we do not dispute that the statutory language is silent as to whether those timing requirements are impacted by cases, like Mock's, where a defendant pleads guilty and waives his or her right to a jury determination of the aggravated sentencing factors, we are not convinced that silence is somehow problematic. Rather, through this argument, Mock simply attempts to extend the boundaries of the provision. It is clear from the statutory language that the 30-day mandate he highlights

directly correlates with the use of sentencing juries and therefore, is of no moment in cases like this where the sentencing jury is waived.

The record before us reflects that Mock undeniably had notice of the State's intention to pursue an enhanced term given that both his attorney and the State confirmed at the plea hearing, three months prior to sentencing, that Mock's plea agreement mutually contemplated an upward durational departure sentence. Stated another way, he received notice well in advance of the sentencing hearing. The spirit of the law, that all parties receive sufficient notice that enables them to prepare for the hearing, was plainly accomplished here.

In sum, the State did not violate the notice of provisions of K.S.A. 2022 Supp. 21-6817(b) and the district court had jurisdiction to impose an upward durational departure sentence. We agree with the district court's conclusion that this issue failed to provide a sound foundation for Mock's illegal sentence claim.

*Mock's Constitutional Claim*

Mock's second contention in his quest for relief is that his sentence is constitutionally infirm, and therefore illegal, given that he did not knowingly and intelligently waive his right to have a jury determine the existence of the State's aggravating sentencing factors. Mock primarily relies on *State v. Duncan*, 291 Kan. 467, 243 P.3d 338 (2010), to buttress his argument. In that case, the Kansas Supreme Court held that a constitutionally valid waiver of a defendant's right to a jury in an upward departure sentencing proceeding is required before the resulting sentence will be considered legal. 291 Kan. at 473. However, after Mock filed his brief, the Kansas Supreme Court overturned *Duncan* in *State v. Johnson*, 317 Kan. 458, 467, 531 P.3d 1208 (2023).

6

Mock's case is analogous to *Johnson*. There, Johnson engaged in plea discussions with the State and the terms which materialized included Johnson's agreement to an upward departure sentence based on his stipulation to the existence of two aggravating factors. The district court approved the agreement on the record but neglected to advise Johnson of his right under K.S.A. 2022 Supp. 21-6817 to have a jury determine the existence of the aggravating factors. After Johnson entered his guilty plea, the court imposed the enhanced sentence contemplated by the parties' agreement. Johnson appealed and argued that his sentence was illegal under K.S.A. 2022 Supp. 22-3504 because he did not knowingly and voluntarily waive his right to a jury trial on the upward departure factors.

The *Johnson* court rejected that argument and held that "[a] claim challenging the constitutional validity of a waiver relinquishing the right to have a jury determine the existence of upward departure aggravating factors falls outside the definition of an illegal sentence." 317 Kan. 458, Syl. ¶ 1. And "[a]bsent a valid illegal sentence claim under K.S.A. 2022 Supp. 22-3504, an appellate court lacks jurisdiction to review a sentence resulting from an agreement between the State and the defendant that the sentencing court approves on the record." 317 Kan. 458, Syl. ¶ 2.

Under *Johnson*, Mock cannot raise his constitutional arguments as part of his motion to correct an illegal sentence and, without that link, his sentence is merely one agreed upon by the parties that the district court approved on the record, which reviewing courts do not have jurisdiction to analyze on appeal. We are constrained to adhere to *Johnson* and, on that basis, conclude Mock is not entitled to relief on his claim that he is saddled with an illegal sentence. See *State v. Kane*, 57 Kan. App. 2d 522, 530, 455 P.3d 811 (2019) (Court of Appeals "duty bound" to follow Supreme Court precedent absent strong indication that court is retreating from an earlier ruling).

CONCLUSION

The district court did not err by denying Mock's motion to correct an illegal sentence. Mock's first argument is unavailing because the State provided Mock and the district court with sufficient notice of its intent to seek an upward departure. His second argument also fails in light of recent Kansas Supreme Court precedent which held that claims challenging the constitutional validity of a waiver relinquishing the right to have a jury determine the existence of aggravated sentencing factors falls outside the definition of an illegal sentence and reaffirmed that appellate courts are without jurisdiction to review agreed-upon sentences approved on the record by the district court. Therefore, the district court's denial of Mock's motion to correct an illegal sentence is affirmed.

Affirmed.